IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARRY EMMETT II,<br>TDCJ-CID NO. 1383329,<br><br>Plaintiff,<br><br>v.<br><br>DR. JULYE, et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-13-2693 |

### MEMORANDUM OPINION AND ORDER

Barry Emmett, an inmate incarcerated at the Estelle Unit of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ"), has filed a prisoner civil rights complaint alleging denial of medical services. He requests the following relief:

1. [T]he reciprocal of what's being refused.

2. Initial Discovery.

3. Allowance of 9 months arbitration before order of any summary judgments.

4. In the event that 9 months private arbitration, (after) discovery, does not solve this issue, I simply request a bench trial.

Docket Entry No. 1, pp. 4-5.

Emmett has a history of filing prisoner civil rights complaints, many of which have been dismissed as frivolous, malicious, or without any claim upon which relief could be granted.

He has not paid the filing fee and appears to be seeking to proceed as a pauper. The court will dismiss this action because of Emmett's litigation history. 28 U.S.C. § 1915(g).

Barring a show of imminent danger, under the Prison Litigation Reform Act of 1995, a prisoner may not file an action without prepayment of the filing fee if he has, on three or more prior occasions, filed a prisoner action in federal district court or an appeal in a federal court of appeals that was dismissed as "frivolous, malicious or fails to state a claim upon which relief may be granted, unless [he] is in imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996). Emmett accumulated at least three such dismissals before filing the pending complaint and is no longer allowed to proceed in forma pauperis pursuant to the provisions of section 1915(g). See Emmett v. Tasch, Civil Action No. H-12-1775 (S.D. Tex. Nov. 26, 2012); Emmett v. Crawford, Civil Action No. H-11-936 (S.D. Tex. May 13, 2011); Emmett v. Thaler, Civil Action No. H-10-2748 (S.D. Tex. Nov. 30, 2010); Emmett v. Office of the Clerk of Court, Civil Action No. 7:10cv0156 (N.D. Tex. Nov. 1, 2010); Emmett v. Hawthorn, Civil Action No. H-10-4034 (S.D. Tex. Oct. 29, 2010); Emmett v. Ebner, Civil Action No. H-10-3611 (S.D. Tex. Oct. 7, 2010). The United States for the Fifth Circuit has found that Emmett has accumulated three strikes for purposes of section 1915(g) and that he is no longer eligible to

proceed as a pauper while he is incarcerated unless he is in imminent danger of serious physical injury. <u>Emmett v. Ebner</u>, No. 10-20772 (5th Cir. Apr. 29, 2011). The Fifth Circuit also dismissed as frivolous Emmett's appeal of the district court's judgment in No. H-10-3611 and warned him against filing further pleadings which are frivolous, repetitive, or otherwise abusive. <u>Id.</u> at 4-5.

In an apparent attempt to circumvent section 1915(g)'s three-strikes bar, Emmett claims that he is in imminent danger of physical harm because he suffers from a hiatal hernia that causes him to vomit and choke on his food. (Docket Entry No. 1, p. 6) He also alleges that he suffers from constipation and severe abdominal pain. Emmett complains that the University of Texas Medical Branch ("UTMB") refuses to treat his malady, which he claims can be alleviated through microsurgery. He also alleges that his liver bilirubin levels are too high and that he should be referred to a gastroenterologist for biopsy and evaluation of his small intestine. Emmett states that he believes that his intestine is knotted and may require partial removal. <u>Id.</u> Emmett also complains that his vision problems have not been addressed and that he has not been provided with medical boots. <u>Id.</u> at 3-4. Emmett contends that medical records generated pursuant to examinations by UTMB specialists working in the prison medical system, including those working in the Department of Gastroenterology and the

-3-

Department of Ophthalmology, support his claims. (Docket Entry No. 1, p. 3)

Emmett has previously complained that he was denied medical care, and his complaint was dismissed as having no legal basis because he did not present any facts indicating that his medical needs were ignored and that he merely found fault with the manner in which his ailments were addressed. Emmett v. Crawford, H-11-936. Similarly, Emmett's allegations and arguments in the current complaint demonstrate only a disagreement about what medical treatment is necessary, a complaint that is not sufficient to establish an unconstitutional denial of medical care. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). As a prisoner Emmett is only entitled to basic treatment of his serious medical needs, and there is no guarantee that the treatment will be successful. Estelle v. Gamble, 97 S. Ct. 285, 290 (1976); Varnado, 920 F.2d at 321. He cannot override the doctors' judgment or dictate the course of his medical care. See Sama v. Hannigan, 669 F.3d 585, 590-591 (5th Cir. 2012); Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006).

Although the court must liberally construe a prisoner's claims and generally accept the truth of his assertions, this does not allow a prisoner who has been barred under section 1915(g) to proceed as a pauper when his claims of endangerment are based only on conclusory allegations. Vandiver v. Prison Health Services,

Inc., — F.3d —, 2013 WL 4309118, 4 (6th Cir. Aug. 16, 2013). Emmett does not present any facts showing that any health provider was deliberately indifferent to his serious health needs. To the contrary, his vague assertions of denial of medical care are contradicted by his statements, which indicate that he has been seen and evaluated. Ball v. Famiglio, 726 F.3d 448, ___ (3d Cir. 2013); White v. Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998).

The court has previously informed Emmett that he is barred from filing a prisoner civil rights complaint without paying the fee in advance unless he can show he is in imminent danger. See Emmett v. Crawford, H-11-936, Docket Entry No. 8, p. 2. As a frivolous filer with a long history of vexatious litigation, Emmett will not be allowed to file another complaint without making an explicit showing that he is in imminent danger of serious physical harm attributable to acts or omissions by custodial officials. See Pettus v. Morgenthau, 554 F.3d 293, 297-298 (2d Cir. 2009). Emmett must also show that there is a nexus between the alleged danger and the asserted civil rights violation. Id. The court will dismiss Emmett's complaint without prejudice to reconsideration should Emmett prove that he actually faces such peril and that such danger supports an actionable claim. 28 U.S.C. § 1915(g).

The court **ORDERS** that the Prisoner Civil Rights Complaint (Docket Entry No. 1) filed by TDCJ-CID Inmate Barry Emmett, TDCJ-CID No. 1383329, is **DISMISSED**. 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 4th day of October, 2013.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE